IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TONY DAVIS,

    Petitioner,               No. CIV-S-10-3224 KJM CKD P

    vs.

GARY SWARTHOUT,              ORDER AND

    Respondent.           FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prisoner proceeding pro se with an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 27, 2009, he was found guilty of distributing a controlled substance in prison and assessed a forfeiture of 180 days of good time credit. See Petition at 4 (Docket No. 1).[1] The petition alleges two violations of due process in the underlying disciplinary hearing: (1) failure to allow petitioner to call witnesses at the hearing and (2) failure to provide petitioner with staff assistance or adequate time to prepare for the hearing. Id. Respondent has moved to dismiss, arguing, among other things, that petitioner's claims are not exhausted. Petitioner has moved for a ruling on his petition, which the court will moot upon entering these findings and recommendations.

---

[1] The court references the page numbers assigned by the court's CM/ECF system, where applicable.

1

I. <u>Background</u>

The exhaustion of available state remedies is a prerequisite to a federal court's consideration of claims presented in habeas corpus proceedings. <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509 (1982); 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all constitutional claims before presenting them to the federal court. <u>Picard v. Connor</u>, 404 U.S. 270, 276 (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.1985), <u>cert.</u> <u>denied</u>, 478 U.S. 1021 (1986); <u>Wooten v. Kirkland</u>, 540 F.3d 1019, 1025 (9th Cir. 2008).

Petitioner began his state habeas process in the Superior Court of Solano County. He alleged that he was denied adequate time to prepare a defense for his disciplinary hearing or to gather and present witnesses and evidence; he also alleged that there was no evidence to convict him of distributing drugs. <u>See</u> Motion, Ex. 2 at 7-8 (Docket No. 13-1). The Superior Court denied his petition, finding on the merits that there was evidence to support his conviction. More relevant to present purposes, it found that he had not filed an administrative grievance or appeal objecting to the amount of time he had to prepare a defense and present witnesses or evidence. <u>See</u> Motion, Ex. 5 at 8-9 (Docket No. 13-3).

Petitioner filed a petition with the Court of Appeal, First Division, alleging the same violations of due process he alleged in Superior Court and, for the first time, that the prison's failure to provide staff assistance was also a violation of due process. <u>See</u> Motion, Ex. 8 at 39-40. That petition was summarily denied without citation to any case law. <u>See</u> <u>id.</u>, Ex. 7 at 25.

Petitioner then filed at the final stage of the state process, the California Supreme Court, incorporating his arguments from the lower courts into his petition and inserting, without explanation, a new claim that his right against double jeopardy had been violated. <u>See</u> <u>id.</u>, Ex. 8 at 31. That court also issued a summary (or "postcard") denial but cited three cases: <u>In re Swain</u>, 34 Cal.2d 300, 304 (1949); <u>People v. Duvall</u>, 9 Cal.4th 464, 474 (1995); and <u>In re Dexter</u>, 25

Cal.3d 921 (1979).  See Pet. at 6 (order of California Supreme Court denying petition).  Respondent argues that the California Supreme Court's reliance on those three cases indicates that petitioner did not provide it a full and fair opportunity to consider his claims before he filed the instant petition in federal court, thus rendering his federal claims unexhausted.

   II.   Analysis

This court has interpreted the California Supreme Court's citation to Swain or Duvall in a summary order as a signal that a petitioner failed to allege with sufficient particularity the facts that warrant habeas relief, thus requiring the dismissal of his state habeas petition.  See Cummings v. Davey, 2008 WL 4826125 at *3 (E.D. Cal.) (interpreting a citation to Swain); Nguon v. Walker, 2011 WL 3501011 at *2 (E.D. Cal.) (interpreting a citation Duvall).  However, the Ninth Circuit has rejected the view that "the California Supreme Court's citation of Swain establishes per se that [a petitioner] failed to exhaust."  Kim v. Villalobos, 799 F.2d 1317, 1319 (9th Cir.1986).  The Ninth Circuit held instead that a federal court presented with a Swain denial must independently examine the state petition to determine whether the petitioner met the federal exhaustion standard of "fair presentation" when he submitted his claim to the highest state court.  Id. at 1320.  This court has also applied the Kim mandate in examining the sufficiency of allegations that the California Supreme Court denied based on Duvall.  See Down v. Haviland, 2011 WL 534247 at *2.

It is not enough, then, for respondent simply to point to the California Supreme Court's use of Swain and Duvall, aver that the federal claims must have been insufficiently pled in state court, and leave it at that.  However, the court need not take the Kim step and assess the sufficiency of the petitioner's state court pleadings.  Instead, the court finds the California Supreme Court's reliance on In re Dexter indicates that court's ruling that petitioner did not administratively exhaust the claims he now brings to this court.

////

////

3

### A. Interpretation of the Dexter citation

"Dexter stands for the proposition, among others, that a state habeas petition concerning an administrative decision... cannot be brought unless available administrative remedies are exhausted." Walker v. Carey, 2005 WL 2009034 at *1 (E.D. Cal.). "The California Supreme Court's citation to In re Dexter ... signifies that the court did not reach the merits of petitioner's claims because he had failed to exhaust his administrative remedies." McCann v. Hill, 2011 WL 6750056 at *2 (E.D. Cal.) (citing Harris v. Superior Court, 500 F.2d 1124, 1128 (9th Cir. 1974) (en banc) ("If the denial of the habeas corpus petition includes a citation of an authority which indicates that the petition was procedurally deficient or if the California Supreme Court so states explicitly, then the available state remedies have not been exhausted as the California Supreme Court has not been given the required fair opportunity to correct the constitutional violation.")). This court has regularly relied on a citation to Dexter to find that a federal petition is unexhausted. See Johnson v. Harrington, 2011 WL 1807219 at *2 (E.D. Cal.) ("Petitioner failed to exhaust his claims because the California Supreme Court did not reach the merits of the claims, but instead [cited In re Dexter and] denied the habeas petition for failure to exhaust administrative remedies."); Gaston v. Harrington, 2009 WL 3627931 at *2 (E.D. Cal.) (federal habeas petition is unexhausted because the California Supreme Court, citing In re Dexter, declined to review the petition on the merits because petitioner had not exhausted his administrative remedies); Rodriguez v. Yates, 2009 WL 3126317 at *3 (E.D. Cal.) ("Thus, a denial of Petitioner's final state habeas petition with a citation to Dexter is a denial on procedural grounds, leaving Petitioner's state remedies unexhausted."); Mimms v. Galaza, 2009 WL 652835 at *1 (E.D. Cal.) (by presenting the California Supreme Court with a state habeas petition prior to exhausting his administrative remedies, the petitioner precluded the court from reaching the merits of the petition).

////

////

1    This case presents no exception to the prevailing interpretation of the California
2 Supreme Court's Dexter dismissal. Petitioner's claim that he did not have adequate time to
3 prepare a defense or gather witnesses and evidence for the hearing was expressly ruled
4 unexhausted by the Superior Court, and that ruling is consistent with the California Supreme
5 Court's insertion of Dexter into its summary denial. Furthermore, petitioner's administrative
6 appeal documents clearly show that he never raised a claim regarding the necessity of staff
7 assistance until he filed his state petition with the Court of Appeal. See Mot., Exhibit 2 at 13-20
8 (administrative appeal record). That too is consistent with the California Supreme Court's
9 reliance on Dexter. The Dexter citation in the California Supreme Court's order of dismissal
10 thus applies to all of the claims presented in the instant federal petition.[2] Such a finding warrants
11 dismissal of the federal petition for failure to exhaust.
12    Having found all claims unexhausted, the court need not address other grounds
13 submitted in support of dismissal.
14    Accordingly, IT IS HEREBY ORDERED that petitioner's motion for a ruling
15 (Docket No. 16) is moot.
16    IT IS HEREBY RECOMMENDED that:
17    1. The motion to dismiss (Docket No. 13) be granted.
18    2. Petitioner's application for a writ of habeas corpus be dismissed without
19 prejudice and this case dismissed.
20    These findings and recommendations are submitted to the United States District
21 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-
22 one days after being served with these findings and recommendations, any party may file written
23 objections with the court and serve a copy on all parties. Such a document should be captioned

---

[2] By process of elimination, it appears that the California Supreme Court's reliance on Swain and Duvall refers to petitioner's vague allegation in that court that he was subjected to double jeopardy at some point during the disciplinary process. Petitioner does not repeat that allegation here.

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within fourteen days after service of the objections.  The parties are
3  advised that failure to file objections within the specified time may waive the right to appeal the
4  District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 25, 2012

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

3
davi3224.157